In re Louis Edward HOLIDAY, Debtor.

Louis Edward HOLIDAY, Appellee,

v.

TENNESSEE STUDENT ASSISTANCE CORPORATION and Middle Tennessee State University, Appellants.

Bankruptcy No. 3–85–03884.

No. 3–86–0499.

United States District Court, M.D. Tennessee, Northeastern Division.

Oct. 1, 1986.

Edgar M. Rothschild, III, Nashville, Tenn., for appellee.

Diane Stamey, Asst. Atty. Gen., Nashville, Tenn., for appellants.

## MEMORANDUM

MORTON, Senior District Judge.

This matter is before the court as an appeal from the bankruptcy judge's denial of a motion to reconsider confirmation. The debtor's Chapter 13 plan was confirmed on January 28, 1986; and the motion to reconsider confirmation was denied on April 30, 1986, following oral argument on April 7, 1986.

Appellants base their objection to the debtor's plan on the premise that the debtor acted in bad faith in violation of 11 U.S.C. § 1325(a)(3) by proposing to pay 1 percent of his unsecured student loan debts. For the reasons set forth below, the court shall affirm the decision of the bankruptcy judge.

The debtor's Chapter 13 plan provides for the payment of secured debts in full over the course of 47 months. He proposes the payment of a 1 percent dividend to unsecured creditors, ·including the appellants herein, to whom the debtor owes several unsecured student loans.

The parties to this appeal have stipulated that both the "best interests of creditors" test of 11 U.S.C. § 1325(a)(4) and the "disposable income" test of 11 U.S.C. § 1325(b) have been satisfied. The inquiry for review is simply one of good faith in proposing the plan. 11 U.S.C. § 1325(a)(3). Whether a debtor has acted in good faith is quite simply a factual determination. Since the record in this case is devoid of *any* proof which would reflect upon the debtor's honesty and integrity or the lack thereof, we are precluded from reviewing any such factual findings. On the other hand, if the appellants urge us to conclude that proposing to pay 1 percent of its unsecured debts, 80 percent of which are student loan obligations, is *per se* bad faith as a matter of law in violation of 11 U.S.C. § 1325(a)(3) we, like the bankruptcy court, decline to do so.

The decision of the bankruptcy court shall be affirmed. An appropriate order shall be entered.